FILED
2011 Oct-25 AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **KELVIN D. SMITH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **7:11-cv-02036-JEO** |
| **CAPSTONE HOTEL, LTD** ) | |
| **d/b/a HOTEL CAPSTONE,** ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This action is before the court on defendant Capstone Hotel, Ltd.'s Motion to Dismiss several claims from plaintiff Kelvin Smith's employment-discrimination action. (Doc. 9).[1] The parties have been afforded an opportunity to brief the relevant issues. (Docs. 11, 12, 16, and 18). Upon consideration, the undersigned finds that the motion is due to be granted as to the retaliation claims and denied in all other respects.

### FACTS AND PROCEDURAL HISTORY[2]

Plaintiff, an African-American male, over the age of 40, worked at Capstone from 2001 until his termination in June 2010. (Doc. 1 at 2 ¶ 5, Ex. A). Capstone hired plaintiff as a Banquet Server and promoted him to the position of Banquet Captain in 2003 or 2004. (*Id*. at 4 ¶¶ 11-13). In addition, plaintiff undertook the duties of the Bartender position as early as 2003. (*Id*.)

---

[1]All references to "Doc. __" refer to the document numbers assigned by the Clerk of Court.

[2]"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009).

Plaintiff contends that despite his continual expression of interest in managerial positions and performance of managerial duties without corresponding pay, Capstone continually promoted younger, less qualified, white employees to such positions. (*Id*. at 4-5 ¶¶ 14-18). Additionally, plaintiff asserts that Capstone provided white employees, but not him, annual evaluations, which allowed white employees to receive raises. (*Id.* at 4 ¶ 15). Plaintiff asserts that he spoke with his supervisors and Capstone's management about being passed over for promotions in favor of younger, less qualified, white individuals. (Doc. 1 at 6 ¶ 20). He specifically complained that he had more seniority and had trained individuals who received promotions. (*Id.*)

Capstone terminated plaintiff on June 24, 2010, and he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging race and age discrimination. (Doc. 1, Ex. A). The EEOC issued plaintiff a right-to-sue notice, and he subsequently filed a Complaint in this court alleging six counts of discriminatorty-employment practices: Count I alleges race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); Count II alleges age discrimination under Title VII, the Age Discrimination in Employment Act of 1975, 42 U.S.C. §§ 6100-6107 ("ADEA"), and the Alabama Age Discrimination in Employment Act ("AADEA"); Count III alleges race discrimination under 42 U.S.C. 1981; Count IV alleges disparate impact under Title VII; Count V alleges disparate treatment under Title VII; and Count V alleges retaliation under Title VII and § 1981. (Doc. 1).[3] On July 5, 2011, Capstone filed a Motion to Dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). (Doc. 9).

---

[3]The Complaint erroneously includes two "Count Three" claims. (Doc. 1).

2

**STANDARD OF REVIEW**

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) permits dismissal when a Complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, "a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ---,129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted). A plausible claim for relief exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quotation marks and citation omitted). The Complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

**DISCUSSION**

Capstone moves to dismiss (1) the Title VII claims alleged in Counts One, Three, Four, and Five and (2) the ADEA and AADEA claims in Count Two for failure to state a claim upon which relief may be granted. (Doc. 9). Capstone first contends that plaintiff failed to raise many of the Title VII claims in his EEOC change and, therefore, these claims should be dismissed with prejudice for failure to exhaust administrative remedies. (*Id*. at 2-4). Capstone then argues that the ADEA and AADEA claims in Count Two should be dismissed with prejudice on the theory that plaintiff cannot *allege* age *and* race discrimination claims because he must prove "age was the 'but-for' cause of the challenged employer decision." (*Id*. at 4) (quoting *Gross v. FBL Financial Servs.*, --- U.S. ---, 129 S. Ct. 2343, 2351 (2009)).

3

**Title VII Claims**

The law is well established that before an individual may pursue a Title VII action, he must first file a charge of discrimination with the EEOC and thereby exhaust his administrative remedies. *See Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004) (allegations of new acts of discrimination not alleged in the EEOC charge are inappropriate). The purpose of requiring a Title VII plaintiff to first file an administrative charge with the EEOC is to trigger the investigatory and conciliatory procedures of the EEOC. *See Houston v. Army Fleet Servs., L.L.C.*, 509 F. Supp. 2d 1033, 1040 (M.D. Ala. 2007) (citing *Gregory*, 355 F.3d at 1279-80). Thus, the charge must allow the EEOC to serve its administrative enforcement role by conducting a full investigation while also providing the employer with advance notice of the claim and an opportunity to resolve the claim. *Gregory*, 355 F.3d at 1279-80.

Capstone contends that plaintiff failed to administratively exhaust all the Title VII claims alleged in the Complaint. (Doc. 9 at 2-3). Specifically, Capstone contends that plaintiff failed to include the claims concerning Capstone's alleged disparate treatment, disparate inpact, and retaliation in the EEOC charge. (Doc. 9 at 4 ¶ 8). Plaintiff responds that Capstone requests an overly strict interpretation of Title VII's administrative-exhaustion requirement and that the Eleventh Circuit has soundly rejected this approach. (Doc. 11 at 4).

The law is well established that a plaintiff's judicial complaint is limited by the scope of the EEOC investigation that "'can reasonably be expected to grow out of the charge of discrimination.'" *Gregory*, 355 F.3d at 1280 (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)). In *Gregory*, the Eleventh Circuit further explained that "judicial

claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint," while "allegations of new acts of discrimination are inappropriate." 355 F.3d at 1279-80.  As plaintiff notes, the Eleventh Circuit has further advised that it is reluctant to allow procedural technicalities to bar claims under Title VII.  *See id.* (citing *Sanchez v. Standard Brands, Inc.*, 431 F. 2d 455, 465 (5th Cir. 1970)).

Here, liberally construed, the claims alleging dispartate impact and treatment grow out of plaintiff's EEOC charge that "younger, less qualified Whites with less senority than me were promoted." (Doc. 1, Ex. A).  However, the court finds that plaintiff failed to administratively exhaust the retaliation claims.  He neither checked the box on the EEOC charge to indicate discrimination based on retaliation, nor alleged any protected expression such as complaining to Capstone about his treatment or being passed over for a promotion.  Instead, plaintiff merely asserted that he "made several requests to be promoted." (*Id.*).  Accordingly, plaintiff's retaliation claim (Count Five) is not exhaused administratively and therefore due to be dismissed.

### Age & Race Discrimination Claims

The ADEA prohibits an employer from discharging or otherwise discriminating against any individual "because of such individual's age." 29 U.S.C. § 632(a)(1).  The Supreme Court has recently ruled that "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." *Gross v. FBL Financial Servs.*, --- U.S. ---, 129 S. Ct. 2343, 2350 (2009).  In other words, the Court held that to establish a claim under the ADEA, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id.*

Capstone contends that *Gross* prohibits an individual from alleging an ADEA or AADEA

claim in the same complaint as any other type of discrimination claim. (Doc. 9 at 4 ¶ 10). Stated another way, Capstone argues that, as a matter of law, plaintiff cannot allege that age was a "but-for cause" and also allege that plaintiff was discriminated against because of race. *See Gwin v. BFI Waste Servs., LLC.*, 718 F. Supp. 2d 1326, 1327 (N.D. Ala. 2010) (noting that the court had previously interpreted *Gross* to prevent an employee who complains under the ADEA from claiming any other basis for adverse action); *Whitaker v. Tennessee Valley Auth. Bd. of Dirs.,* No. 3:08-1225, 2010 WL 1493899, at *9 (M.D. Tenn. Apr. 14, 2010) (finding at the summary judgment stage that a Plaintiff's claim for discrimination based on a factor other than age defeated an ADEA claim); *Culver v. Birmingham Bd. of Educ.*, 646 F. Supp. 2d 1270, 1271-72 (N.D. Ala. 2009) (finding that "an employee cannot claim that age is a motive for the employer's adverse conduct and simultaneously claim that there was any other proscribed motive involved").

      However, Capstone's argument overlooks the clear mandate in Rule 8 that allows a plaintiff to plead alternative claims. FED. R. CIV. P. 8(d)(2). Specifically, the Rule states that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Id.* These alternative statements are permissible even if they are inconsistent with one another. FED. R. CIV. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). The pleader may allege conflicting claims even if the pleader cannot, as a matter of law, recover on both theories. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273-74 (11th Cir. 2009) (holding that a "complaint is not subject to dismissal … even if it would be impossible for both [alleged defendants] to be simultaneously liable"); *Brookhaven Landscape & Grading Co. v. J.F. Barton*

*Contracting Co.*, 676 F.2d 516, 523 (11th Cir. 1982) (noting that while a party may pursue alternative theories of recovery, regardless of consistency, he may not "recover separately on inconsistent theories when one theory precludes the other or is mutually exclusive of the other").

Further, *Gross* does not suggest that the Court intended to deprive a party of his right to plead alternative theories in these cases.  In fact, *Gross* deals with the standard of proof required at *trial* to prove an ADEA claim, not the *pleading standards* required for an ADEA claim. *Gross*, 129 S. Ct. at 2346-47.  While it ultimately may be impossible for plaintiff to pursue the ADEA claim along with the other discrimination claims at trial, there is nothing to prevent plaintiff from pleading both an ADEA claim and alternatively other discriminatory claims at this stage of litigation.  *See e.g.*, *Archie v. Home-Towne Suites, LLC*, 749 F. Supp. 2d 1308, 1315 n.4 (noting that even after *Gross* a plaintiff might prove gender discrimination under Title VII and age discrimination under the ADEA); *DeAngelo v. DentalEZ, Inc.*, 738 F. Supp. 2d 572, 578-79 (E.D. Pa. 2010) (allowing the plaintiff to proceed with both age and gender discrimination claims through at least the summary judgment stages of the litigation); *Houchen v. Dallas Morning News, Inc.*, No. 3:08-CV-1225-L, 2010 WL 1267221, at *3 (N.D. Tex. Apr. 1, 2010) ("While issues of proof may prevent Plaintiffs from prevailing on both theories, the court does not find the mere fact of pleading sex and age discrimination claims together as a basis for dismissing the age discrimination claims."); *Belcher v. Serv. Corp. Int'l*, No. 2:07-CV-285, 2009 WL 3747176, at *3 (E.D. Tenn. Nov. 4, 2009) ("While *Gross* arguable makes it impossible for a plaintiff to ultimately recover on an age and gender discrimination claim in the same case, the undersigned does not read *Gross* as taking away a litigant's right to plead alternate theories under the Federal Rules.").  Accordingly, plaintiff is entitled to proceed, at least for the time being, with all his

claims pled in the alternative. Capstone is invited to revisit the issue of whether plaintiff can proceed with both his ADEA and AADEA[4] claims and any other inconsistent claim on summary judgment or at pretrial.

## CONCLUSION

Based on the foregoing, the court finds that Capstone's Motion to Dismiss (doc. 9) is due to be **GRANTED** as to the retaliation claims in Count Five and **DENIED** in all other respects. An appropriate order will be entered.

**DONE**, this the 25th day of October, 2011.

*John E. Ott*
JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE

---

[4] "[I]it is self-evident that the AADEA's purpose and prohibitions are like the ADEA's, to promote employment of older persons based on their ability rather than age and to prohibit arbitrary age discrimination in employment, it follows that [the ADEA's] principles should govern in AADEA cases as well." *Bonham v. Regions Mortgage, Inc.*, 129 F. Supp. 2d 1315, 1321 (M.D. Ala. 2001). Thus, the same analysis applies to the AADEA claims.